Honorable Richard A. Berman Commissioner NYS Division of Housing and Community Renewal
Your counsel has asked whether officers and employees of your division who are officers of Safe Affordable Housing, Inc. ("SAHE"), a not-for-profit community development corporation, are covered by section17 of the Public Officers Law when they are acting in the course of their employment by SAHE. We note that this opinion is limited strictly to the question of the applicability of section 17 of the Public Officers Law to the directors and officers of SAHE. No inferences regarding the underlying agreement between your division and SAHE are to be drawn from the ensuing analysis of that precise question.
It is our understanding that SAHE was created under the Private Housing Finance Law and the Not-For-Profit Corporation Law to carry out an arrangement between your division and the New York State Urban Development Corporation ("UDC"), a State public benefit corporation, whereby the division becomes responsible for maintenance and management of Roosevelt Island, a developed community in the Borough of Manhattan. The island itself belongs to the City of New York and was leased to UDC which, through various subsidiary corporations, has developed the island. In a Memorandum of Understanding dated as of May 22, 1981, UDC designated your division as UDC's agent to carry out UDC's obligations to maintain and manage Roosevelt Island. On the same date, your division assigned its rights under the memorandum to SAHE and designated SAHE as the division's agent to carry out the division's obligations under the memorandum. It is also our understanding that UDC has transferred to your division the funds necessary for SAHE to maintain and manage Roosevelt Island.
Article 13 of the Certificate of Incorporation alone demonstrates that officers and directors of the corporation are not "acting within the scope of [their] public employment or duties" (Public Officers Law, § 17[2][a]), when carrying out their duties as officers of the corporation. It is also clear that, as officers of the corporation, they are not "holding a position by election, appointment or employment in the service of the state" (id., § 17[1][a]). Rather, they are holding a position in an independent not-for-profit corporation which only indirectly is in the "service" of the State through service to UDC, a State public benefit corporation which in turn is an independent entity serving the State. Moreover, Article 13 of the Certificate of Incorporation further provides that the purposes and functions of the corporation are not to be "construed as a delegation of the public governmental functions by the Division."
We note that chapter 277 of the Laws of 1981 has added section 18 to the Public Officers Law. Section 18 authorizes "public entities" to indemnify its officers and employees by opting to be covered by section 18. The definition of "public entities" includes all the standard units of government except the State and any other public entity covered by section 17 (subd 1[a]). The only category which might be appropriate for SAHE is "any other separate corporate instrumentality or unit of government" (ibid.). We doubt that SAHE could qualify as a "separate corporate instrumentality" of government. We note that SAHE is a "community development corporation" authorized by Article 6-A of the Private Housing Finance Law. Nothing in that article makes the corporation "public". Furthermore, the Law Revision Commission, which sponsored section 18, noted that the purpose of the bill is to "confer, solely at local option, uniform defense and indemnification protections to all public employees not now covered by section 17" (emphasis supplied; Memorandum Relating to Indemnification and Defense of Public Officers and Employees, Legis. Doc. [1981] No. 65[E]).
SAHE, as a community development corporation, has the powers conferred on corporations by the Business Corporation Law (Private Housing Finance Law, § 254[1]). Section 723 of that law and section 723 of the Not-For-Profit Corporation Law authorize a corporation to indemnify its officers and directors. Section 727 of each law authorizes corporations to procure indemnity insurance. It appears that SAHE has the power to indemnify its officers and directors and to purchase indemnity insurance. This would be a cost of doing business and, therefore, a part of its charge for maintenance and management of Roosevelt Island.
We conclude that officers and directors of SAHE are not covered by either section 17 or section 18 of the Public Officers Law. SAHE is authorized to indemnify its officers and directors either by purchasing indemnity insurance or by being a self-insurer.